UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF ROOFERS LOCAL NO. 33 PENSION )
FUND, THRIFT FUND AND INSURANCE FUND )
) 04-12152 PBS
Plaintiffs )
) C.A. NO
v. )
)
C&C CORNICE COMPANY )
)
Defendant )
)

MAGISTRATE JUDGE Cohen

RECEIPT # 57249
AMOUNT $160
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 10/13/04

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), particularly 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1) and (f), Section 1145, and Section 301 et seq, of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. Section 185 et seq, to compel C&C Cornice Company to make delinquent payments to the Plaintiff Trustees.

2. Jurisdiction is conferred on the Court by 29 U.S.C. Sections 1132(e)(1) and (f) and 29 U.S.C. Sections 185(a),(b) and (c) neither of which is dependent on the amount in controversy or diversity of citizenship.

3. Venue lies in this district pursuant to 29 U.S.C. Section 1132(e)(2) and U.S.C. Section 185(c).

4. Roofers Local No. 33 Pension Fund (hereinafter referred to as the "Pension Fund") is a trust fund established in accordance with the provisions of 29 U.S.C. Section 186(c) and is an "employee pension benefit plan" as defined by 29 U.S.C. Section 1002(2) and is governed by Plaintiff Trustees.

5. Roofers Local No. 33 Insurance Fund (hereinafter referred to as the "Insurance Fund") is a trust fund established in accordance with the provisions of 29 U.S.C. Section 186(c) and is an "employee welfare plan" as defined by 29 U.S.C. Section 1002(2) and is governed by Plaintiff Trustees.

6. Roofers Local No. 33 Thrift Fund (hereinafter referred to as the "Thrift Fund") is a trust fund established in accordance with the provisions of 29 U.S.C. Section 186(c) and is an "employee pension benefit plan" as defined by 29 U.S.C. Section 1002(2) and is governed by Plaintiff Trustees.

7. C&C Cornice Company, (the "Employer") is a corporation incorporated and existing under the laws of the Commonwealth of Massachusetts and having a place of business in Newton, Massachusetts.

8. The Employer was engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. Sections 1002(5), (11) and (12), and as defined in LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

9. The Employer failed to make contributions to the plaintiffs for work performed by its roofer employees as required by the collective bargaining agreements, and the failure to make such contributions was determined by a payroll audit conduct by the trust funds.

10. The aforesaid agreements further provide that in the event the Employer fails to make its required contributions in a timely fashion the Employer is further obligated to the trust funds, in addition to the amounts owed, for interest from the date when the payment was due, liquidated damages, audit fees incurred by the trust funds in determining the amounts owed and for all costs and reasonable attorney's fees expended by the Plaintiff Trustees in having to collect the delinquent contributions.

WHEREFORE, the Plaintiffs demand judgment against the Defendant C&C Cornice Company as follows:

1. That the Defendant be ordered to pay to the Plaintiffs the delinquent contributions due the Plaintiffs plus the cost of the payroll audit, prejudgment interest from the date when each month's payment was due and liquidated damages of 20% per annum pursuant to 29 U.S.C. Section 1132(g)(2) et seq.

2. That the Defendant be ordered to pay to the Plaintiffs their costs and disbursements, including their reasonable attorney's fees in this action, pursuant to 29 U.S.C. Section 1132(g)(1) et seq.

3. That the Plaintiffs receive such other legal or equitable relief as this Court deems appropriate.

Plaintiffs
by their attorney

*(signature)*

Aaron D. Krakow
BBO #544424
KRAKOW & SOURIS, LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440

3